**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| VITA-MIX CORPORATION<br>8615 Usher Road<br>Cleveland, Ohio 44138,<br><br>and<br><br>VITA-MIX MANAGEMENT<br>CORPORATION<br>8615 Usher Road<br>Cleveland, Ohio 44138<br><br>    Plaintiffs,<br><br>    v.<br><br>WACHSMUTH & KROGMANN, INC.<br>1015 Hawthorn Dr.<br>Itasca, Illinois 60143,<br><br>  Also serve:<br>  Registered Agent Gerald L. Morel<br>  203 North Lasalle St., #2500<br>  Chicago, IL 60601,<br><br>ALDI INC.<br>c/o Registered Agent Kimberly Shanner<br>1200 North Kirk Road<br>Batavia, IL 60510,<br><br>and<br><br>ALDI Inc. (Ohio)<br>CT Corp.<br>1300 E. Ninth St.<br>Cleveland, Ohio 44114,<br><br>    Defendants. | Civil Action No. _____<br><br>Judge _____<br><br>Magistrate Judge _____<br><br>**<u>COMPLAINT</u>**<br><br>**JURY DEMAND ENDORSED<br>HEREON** |

Plaintiffs Vita-Mix Corp. and Vita-Mix Management Corp. (collectively, "Vita-

Mix"), by and through counsel, for their complaint against Defendants Wachsmuth &

Krogmann, Inc., Aldi Inc., and Aldi Inc. (Ohio) (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Vita-Mix Corporation is a family-owned business founded nearly 100 years ago that manufactures and sells high performance blenders to consumers for household use and to companies for commercial use in all 50 states and in more than 100 foreign countries.

2.      Defendants compete against Vita-Mix in that they distribute, promote, and sell consumer goods including food blenders.  Without Vita-Mix's permission, Defendants have adopted Vita-Mix's distinctive and nonfunctional trade dress for the Ambiano Professional Blender (the "Ambiano blender") including federally registered trade dress elements of the blender's container and base.

3.      As set forth below, Defendants' infringement of Vita-Mix's trade dress has been made knowingly and intentionally and is designed to trade on the reputation Vita-Mix has developed through successful promotion and sales of its high performance blenders. Defendants' imitative trade dress also has diluted the distinctiveness of Vita-Mix's famous trade dress through the blurring of the distinction between the Ambiano blender and Vita-Mix's high performance blenders in the minds of consumers. Further, defendants' imitative trade dress also has diluted the distinctiveness of Vita-Mix's famous trade dress through the tarnishment of the reputation of Vita-Mix's products.

4.      Vita-Mix has been and is likely to continue to be injured by Defendants' trade dress infringement and dilution, and Vita-Mix will continue to suffer irreparable harm unless and until Defendants are enjoined from using the design of the high performance blender that infringes and dilutes Vita-Mix's distinctive and famous trade dress.

## PARTIES

5.      Vita-Mix Corporation is a Delaware corporation with its principal place of business at 8615 Usher Road, Cleveland, Ohio.

6.      Vita-Mix Management Corporation is a Delaware corporation with its principal place of business at 8615 Usher Road, Cleveland, Ohio.

7.      Defendant Wachsmuth and Krogmann, Inc. is an Illinois corporation with an address at 1015 Hawthorn Drive, Itasca, Illinois.  Based on information and belief, Wachsmuth creates, designs, manufactures, and sells the Ambiano blender to Aldi Inc.

8.      Defendant Aldi Inc. is an Illinois corporation with its principal place of business at 1200 North Kirk Road, Batavia, Illinois.  Based on information and belief, Aldi Inc. promotes, markets, and sells the Ambiano blender to Aldi grocery stores and to consumers.

9.      Defendant Aldi Inc. (Ohio) is an Ohio corporation with its principal place of business in Cleveland, Ohio.  Based on information and belief, Aldi Inc. (Ohio) has sold the Ambiano blender to consumers in Ohio.

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction over Counts I, II, and III, Vita-Mix's federal trade dress infringement and trade dress dilution claims under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(c), pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121.  This Court has supplemental jurisdiction over Vita-Mix's state law claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy.

11.      This Court has personal jurisdiction over Defendants under Ohio Revised Code § 2307.382 because based on information and belief, among other things, Defendants

transact business in Ohio, contract to supply goods in Ohio, and have caused tortious injury by their acts in Ohio.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Vita-Mix's claims occurred in this judicial district.

## FACTUAL BACKGROUND

13.     Throughout its nearly 100-year history, Vita-Mix has developed and maintained a national reputation for high quality and integrity.

14.     In 1969, the Vitamix 3600 was introduced, which was the first blender that could make hot soup, blend ice cream, grind grain, and knead bread dough.

15.     Vita-Mix has continued to make significant improvements to the performance and durability of the Vitamix product line.

16.     Vita-Mix designs, manufactures, distributes, markets, and sells high performance blenders, as well as blender-related products in all 50 states and in more than 100 countries.  Vita-Mix is the market leader in blending technology.

17.     Vita-Mix has invested substantial resources into promoting, marketing, advertising, and providing its high performance blenders with its famous trade dress for more than 20 years now.

18.     Because consumers have been using this unique, nonfunctional, and distinctive trade dress for more than 20 years, they associate that trade dress solely with Vita-Mix and its high performance blenders.

19.     The Vita-Mix high performance blender trade dress is a unique combination of elements that identify the container and base as originating from Vita-Mix.

20.     On or about July 10, 2007, the U.S. Patent and Trademark Office recognized the distinctiveness of the trade dress embodied in the design of Vita-Mix's container and base when it issued Registration Nos. 3,261,079 and 3,261,080.  True and accurate copies of the trade dress registrations for the Vita-Mix high performance blender container and base are attached as composite Exhibit A.  Each of the registrations is valid, in good standing, in full force and effect, and incontestable.

21.     The trade dress of Vita-Mix's high performance blender, as exhibited by the current Vitamix Legacy 5200 Standard model, is the overall look, appearance, and shape of the container and base, and the following elements in combination and in isolation:

    a.  the square-shape and visually transparent quality of the container base which is placed over (rather than within) the securing elements of the base of the blender;

    b.  the appearance of the stylized ribs of the container, one of which appears on each of the four sides of the container, and each of which begins with a narrower base and progressively, but slightly, widens until reaching its terminus towards the top of the container with a distinctive triangular shape appearing just below the point at which the bottom of the cap of the container (visible through the transparent container) comes to rest when placed on the container;

    c.  a distinctly shaped pour spout;

    d.  the rectangular blender base with four cylindrical feet;

    e.  the rounded edges and corners of the blender base;

    f.  the sub-base appearance of the blender base appearing slightly under the slanted face of the blender base;

g.  the rounded brow of the blender base that is located above the control panel and extends beyond the face of the blender base;

h.  the recessed, rectangular cutouts at the bottom of each side of the base;

i.  the platform at the top of the base onto which the container rests over the attaching elements of the base, and out from which appears a ledge or lip element which resides outside of the perimeter of the container when placed on the base;

j.  the combination of the flat front control panel location on the blender base above the angled face of the blender on which no controls are placed;

k.  the manner in which the flat-faced portion of the control panel is stylistically surrounded by the outer portion of the base, which surrounds and extends beyond the flat panel at the top and on either side of the panel;

l.  the location and arrangement of the switch, circular dial, and switch control elements:



22.     The trade dress of the Vita-Mix high performance blender which is infringed by the Ambiano blender has neither aesthetic nor utilitarian functionality and is therefore nonfunctional. In the alternative, certain elements of the trade dress have some utilitarian functionality, but for which inexpensive, simple alternative designs are available as demonstrated by the many distinguishable blender designs in the marketplace.  More specifically, addressing the elements of the trade dress listed herein:

a. **the square-shaped and visually transparent quality of the container base which is placed over (rather than within) the securing elements of the base of the blender;**

Generally, blenders have some mechanism for attaching the container to the base of the blender. The marketplace of blenders in the United States is full of blenders which accomplish this in many different ways; some containers slide into a sleeve-like support feature of the base, some containers are screwed into a ring on top of the base, and still others attach with a turn and click. The appearance and shape of the transparent square base of the Vita-Mix high performance blender, and the manner in which this shape is placed over the securing blender base elements, is not functional in and of itself. While the container must obviously be secured to the base in some mechanical manner, there are a myriad of ways—in both style and substance—in which this may be accomplished. Accordingly, the design of the base of the Vitamix container is not essential to the use or purpose of the container, and it does not offer a utilitarian or aesthetic advantage to Vita-Mix beyond the degree to which the design, style, appearance, and shape of the container contributes to the overall distinctiveness of the Vita-Mix trade dress.

b. **the appearance of the stylized ribs of the container, one of which appears one each of the four sides of the container, and each of which begins with a narrower base and progressively, but slightly, widens until reaching its terminus towards the top of the container with a distinctive triangular shape appearing just below the point at which the bottom of the cap of the container (visible through the transparent container) comes to rest when placed on the container;**

Many blenders have a stylized ribbing element to their containers. These ribs may serve to make the containers more structurally sound and durable and may aid in the blending process. The design of these ribs, however, can take many different shapes, and the particular design or appearance of the ribs is not essential to the use or purpose of the container and does not offer a utilitarian or aesthetic advantage to Vita-Mix beyond the

degree to which the style and shape of these ribs contributes to the overall distinctiveness of the Vita-Mix trade dress.

   c.   **a distinctly shaped pour spout;**

Many blender containers have a pour spout of some type or another, but the spouts can be of many different shapes and relative sizes.  The appearance and design of the spout of the Vitamix container are not essential to the use or purpose of the container and do not offer a utilitarian or aesthetic advantage to Vita-Mix beyond the degree to which the style and shape of the spout contributes to the overall distinctiveness of the Vita-Mix trade dress.

   d.   **the rectangular blender base with four cylindrical feet;**

Some blender bases have feet of some kind or another.  The appearance and design of the cylindrical feet of the rectangular Vitamix container, or the combination of those shapes, are not essential to the use or purpose of the blender base and do not offer a utilitarian or aesthetic advantage to Vita-Mix beyond the degree to which the style and combination of the shape and design of the blender base and feet contribute to the overall distinctiveness of the Vita-Mix trade dress.

   e.   **the rounded edges and corners of the blender base;**

Many blender bases have finished edges.  The particular appearance and design of the rounded edges and corners of the Vitamix blender base are not essential to the use or purpose of the blender base.  Further, the rounded edges and corners do not offer a utilitarian or aesthetic advantage to Vita-Mix beyond the degree to which the style and combination of those elements contribute to the overall distinctiveness of the Vita-Mix trade dress.

f. **the sub-base appearance of the blender base appearing slightly under the slanted face of the blender base;**

The distinctive appearance, design, and location of the sub-base as it appears on the Vitamix blender is not essential to the use or purpose of the blender base. Further, this element does not offer a utilitarian or aesthetic advantage to Vita-Mix beyond the degree to which this stylistic element contributes to the overall distinctiveness of the Vita-Mix trade dress.

g. **the rounded brow of the blender base that is located above the control panel and extends beyond the face of the blender base;**

The distinctive appearance, design, shape, and location of the rounded brow of the blender base that is located above the control panel and extends beyond the face of the blender base as it appears on the Vitamix blender is not essential to the use or purpose of the blender base. Further, this element does not offer a utlitarian or aesthetic advantage to Vita-Mix beyond the degree to which this stylistic element contributes to the overall distinctiveness of the Vita-Mix trade dress.

h. **recessed, rectangular cutouts at the bottom of each side of the base;**

The distinctive appearance, design, shape, and location of the recessed cutouts at the bottom of each side of the blender base as they appear on the Vitamix blender are not essential to the use or purpose of the blender base. Further, these elements do not offer a utilitarian or aesthetic advantage to Vita-Mix beyond the degree to which this stylistic element contributes to the overall distinctiveness of the Vita-Mix trade dress.

i. **the platform at the top of the base onto which the container rests over the attaching elements of the base, and out from which appears a ledge or lip element which resides outside of the perimeter of the container when placed on the base;**

While many, though certainly not all, blenders have a platform aspect to how the blender containers attach to the blender base, the distinctive appearance and design of the

Vitamix blender container platform, and the distinctive lip on the blender base that resides outside the perimeter of the container are not essential to the use or purpose of the blender base or container.  Further, these elements do not offer a utilitarian or aesthetic advantage to Vita-Mix beyond the degree to which this stylistic element contributes to the overall distinctiveness of the Vita-Mix trade dress.

j.  **the combination of the flat front control panel location on the blender base above the angled face of the blender on which no controls are placed;**

Many blenders have either a flat control panel face, an angled control panel, or a combination thereof.  The Vitamix blender, however, has a unique combination of a flat control panel above an angled shelf on which no controls are located.  These elements, though unique and distinctive, do not offer a utilitarian or aesthetic advantage to Vita-Mix beyond the degree to which these stylistic elements contribute to the overall distinctiveness of the Vita-Mix trade dress.

k.  **the manner in which the flat-faced portion of the control panel is stylistically surrounded by the outer portion of the base, which surrounds and extends on beyond the flat panel at the top and on either side of the panel;**

The element described above does not offer a utilitarian or aesthetic advantage to Vita-Mix beyond the degree to which this stylistic element contributes to the overall distinctiveness of the Vita-Mix trade dress.

l.  **the location and arrangement of the switch, circular dial, and switch control elements.**

Many blenders have a control panel element with the common off/on, blender speed, and pulse controls and functions.  There are nearly endless possibilities for how to present and place these controls.  The distinctive manner in which the controls on the Vitamix blender are placed—with the switch, dial, switch presentation on a flat-faced panel above an

empty, angled panel space—does not offer a utilitarian or aesthetic advantage to Vita-Mix beyond the degree to which this stylistic element contributes to the overall distinctiveness of the Vita-Mix trade dress.

**The Ambiano Blender's Infringing Trade Dress**

23.    Defendants compete with Vita-Mix in that they manufacture, distribute, market, promote, and sell the Ambiano blender to consumers.

24.    Because of Vita-Mix's widespread, longstanding, and successful use of its trade dress and the registration of the high performance blender container and base, Defendants had actual and constructive knowledge of Vita-Mix's intellectual property rights in that design.

25.    In addition, on December 12, 2015, and January 18, 2016, Vita-Mix sent letters to Defendants Aldi Inc. and Wachsmuth, respectively, demanding that they cease and desist from infringing Vita-Mix's trade dress, but Defendants refused to do so.

26.    Defendants could have chosen a design for the Ambiano blender that does not trade off the reputation and goodwill of the Vita-Mix blender.  Defendants were free to adopt from a wide array of different and available design elements for the Ambiano blender, but they did not.

27.    Instead, after the date of Vita-Mix's first use of the famous and distinctive trade dress, Defendants have chosen to copy key features of the trade dress that Vita-Mix uses in the design of the Vitamix blender container and base without Vita-Mix's consent or authority.

28.    By choosing trade dress that copies Vita-Mix's nonfunctional, distinctive, and famous trade dress, Defendants are competing unfairly against Vita-Mix.  Defendants seek to confuse consumers and trade on the reputation that Vita-Mix has previously developed

through years of successful promotion of Vita-Mix's high performance blenders.  By way of example, a video advertisement on Aldi's website, https://www.aldi.us/en/grocery-home/home-goods/ambiano/professional-blender/, likely led to consumer confusion concerning the Ambiano and Vitamix blenders.

29.     Defendants benefit from this confusion, as their lesser-known products reap undeserved recognition from being associated with Vita-Mix's longstanding products. Indeed, customers have demonstrated actual confusion regarding whether Vita-Mix manufactured or sponsored the Ambiano blender given the similarity of the Ambiano design elements to Vita-Mix's trade dress.

30.     Although Defendants' unauthorized use of any one of the design elements of Vita-Mix's trade dress constitutes infringement, Defendants have infringed on Vita-Mix's trade dress by including all of the following design elements in the Ambiano blender:

    a.  the square-shape and visually transparent quality of the container base which is placed over (rather than within) the securing elements of the base of the blender;

    b.  the appearance of the stylized ribs of the container, one of which appears on each of the four sides of the container, and each of which begins with a narrower base and progressively, but slightly, widens until reaching its terminus towards the top of the container with a distinctive triangular shape appearing just below the point at which the bottom of the cap of the container (visible through the transparent container) comes to rest when placed on the container;

    c.  a distinctly shaped pour spout;

    d.  the rectangular blender base with four cylindrical feet;

e.  the rounded edges and corners of the blender base;

f.  the sub-base appearance of the blender base appearing slightly under the slanted face of the blender base;

g.  the rounded brow of the blender base that is located above the control panel and extends beyond the face of the blender base;

h.  the recessed, rectangular cutouts at the bottom of each side of the base;

i.  the platform at the top of the base onto which the container rests over the attaching elements of the base, and out from which appears a ledge or lip element which resides outside of the perimeter of the container when placed on the base;

j.  the combination of the flat front control panel location on the blender base above the angled face of the blender on which no controls are placed;

k.  the manner in which the flat-faced portion of the control panel is stylistically surrounded by the outer portion of the base, which surrounds and extends beyond the flat panel at the top and on either side of the panel; and

l.  the location and arrangement of the switch, circular dial, and switch control elements.



31.     Upon information and belief, Defendants intend to continue to distribute, promote, and sell additional Ambiano blenders that infringe on the corresponding Vitamix blenders.

**COUNT I**
**Trade Dress Infringement in Violation of 15 U.S.C. § 1114(1)(a)**

32.     Vita-Mix incorporates the allegations set forth above as if fully rewritten herein.

33.     Defendants have infringed and will continue to infringe Vita-Mix's federally registered and nonfunctional trade dress by intentionally copying and incorporating the

elements of that trade dress into the Ambiano blender in violation of Section 32 of the Lanham Act, 15 U.S.C.  § 1114(1)(a).

34.     Defendants' unauthorized use of the trade dress creates a likelihood of confusion, mistake, or deception as to the source, origin, or sponsorship of the Ambiano blender.  The trade dress used for the Ambiano blender is likely to induce consumers to believe, contrary to fact, that the Ambiano blender is affiliated, sponsored, sold, approved by, or connected with Vita-Mix.

35.     Based on information and belief, Defendants' acts of trade dress infringement have been done willfully and deliberately, and Defendants have benefited and continue to benefit from their unlawful use of Vita-Mix's trade dress.

36.     As a direct and proximate result of Defendants' willful and deliberate acts of trade dress infringement, Vita-Mix is entitled to recover damages including three times the amount of Defendants' profits pursuant to 15 U.S.C. § 1117(a)(1).

37.     This is an exceptional case entitling Vita-Mix to recover its reasonable attorneys' fees in an amount to be determined at trial pursuant to 15 U.S.C. § 1117(a).

38.     Defendants' willful and deliberate acts of trade dress infringement also have caused damage to Vita-Mix's business reputation and goodwill, and unless restrained and enjoined, will continue to irreparably impair the value of the Vitamix blender trade dress for which there is no adequate remedy at law.  Accordingly, Vita-Mix is entitled to injunctive relief prohibiting Defendants from using the trade dress for any blender products.

## COUNT II
## False Designation of Origin in Violation of 15 U.S.C. § 1125(a)

39.     Vita-Mix incorporates the allegations set forth above as if fully rewritten herein.

40.     Defendants have infringed and will continue to infringe Vita-Mix's federally registered and nonfunctional trade dress by intentionally copying and incorporating the elements of that trade dress into the Ambiano blender.  By reason of this unauthorized use, Defendants have falsely designated the origin of the Ambiano blender and have falsely represented that Vita-Mix endorses or is somehow affiliated with the Ambiano blender in violation of Section 32 of the Lanham Act, 15 U.S.C.  § 1125(a).

41.     Defendants' unauthorized use of the trade dress creates a likelihood of confusion, mistake, or deception as to the source, origin, or sponsorship of the Ambiano blender.  The trade dress used for the Ambiano blender is likely to induce consumers to believe, contrary to fact, that the Ambiano blender is affiliated, sponsored, sold, approved by, or connected with Vita-Mix.

42.     Based on information and belief, Defendants' acts of trade dress infringement have been done willfully and deliberately, and Defendants have benefited and continue to benefit from their unlawful use of Vita-Mix's trade dress.

43.     As a direct and proximate result of Defendants' willful and deliberate acts of trade dress infringement, Vita-Mix is entitled to recover damages including three times the amount of Defendants' profits pursuant to 15 U.S.C. § 1117(a)(1).

44.     This is an exceptional case entitling Vita-Mix to recover its reasonable attorneys' fees in an amount to be determined at trial pursuant to 15 U.S.C. § 1117(a).

45.     Defendants' willful and deliberate acts of trade dress infringement also have caused damage to Vita-Mix's business reputation and goodwill, and unless restrained and

enjoined, will continue to irreparably impair the value of the Vitamix blender trade dress for which there is no adequate remedy at law.  Accordingly, Vita-Mix is entitled to injunctive relief prohibiting Defendants from using the trade dress for any blender products.

## COUNT III
### Trade Dress Dilution in Violation of 15 U.S.C. § 1125(c)

46.     Vita-Mix incorporates the allegations set forth above as if fully rewritten herein.

47.     The Vitamix blender trade dress is distinctive and famous within the meaning of 15 U.S.C. § 1125(c) and was distinctive, nonfunctional, and famous before Defendants' adopted and used a confusingly similar design for the Ambiano blender.

48.     Defendants' use of the trade dress for the Ambiano blender is likely to cause an association between that trade dress and the Vita-Mix trade dress that impairs the distinctiveness of the Vita-Mix trade dress.

49.     Defendants' improper use of the trade dress for the Ambiano blender is likely to cause an association between that trade dress and the Vita-Mix trade dress that harms the reputation of the Vita-Mix trade dress.

50.     Defendants' use of the trade dress for the Ambiano blender has been committed with full knowledge of Vita-Mix's rights, title, and interest in the trade dress, and made with the willful intent to trade on the recognition and reputation of the trade dress and harm the reputation of the trade dress, and with the intent to cause dilution of the Vita-Mix trade dress.

51.     Defendants' conduct constitutes willful dilution by blurring and dilution by tarnishment in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

52.     As a direct and proximate result of Defendants' willful and deliberate dilution of Vita-Mix's trade dress, Vita-Mix is entitled to recover damages including three times the amount of Defendants' profits pursuant to 15 U.S.C. § 1117(a)(1).

53.     This is an exceptional case entitling Vita-Mix to recover its reasonable attorneys' fees in an amount to be determined at trial pursuant to 15 U.S.C. § 1117(a).

54.     Defendants' acts of trade dress dilution also have caused damage to Vita-Mix's business reputation and goodwill, and unless restrained and enjoined, will continue to irreparably impair the value of the Vita-Mix trade dress for which there is no adequate remedy at law.  Accordingly, Vita-Mix is entitled to injunctive relief prohibiting Defendants from using the trade dress for its Ambiano blender.

## COUNT IV
## Violation of Ohio's Deceptive Trade Practices Act

55.     Vita-Mix incorporates the allegations set forth above as if fully rewritten herein.

56.     By using in commerce trade dress that is confusingly similar to Vita-Mix's trade dress, Defendants are engaging in deceptive trade practices and violating Ohio's Deceptive Trade Practices Act as set forth in Ohio Revised Code §§ 4165.01 through 4165.04.  Among other things, Defendants are passing off their goods as those of another; causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of the Ambiano blender; causing a likelihood of confusion or misunderstanding as to the affiliation, connection, or association with, or certification of the Ambiano blender; representing that the Ambiano blender has sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have; and representing that the Ambiano blender is of a particular standard, quality, or grade, when this is not true.

57.     Defendants willfully engaged in these unfair trade practices knowing them to be deceptive.

58.     Defendants deceptive trade practices have damaged Vita-Mix and have caused damage to Vita-Mix's business reputation and goodwill, and unless restrained and enjoined, will continue to irreparably impair the value of the Vita-Mix trade dress for which there is no adequate remedy at law.  Accordingly, Vita-Mix is entitled to injunctive relief prohibiting Defendants from using the trade dress for any blenders that they manufacture, distribute, market, or sell.

## COUNT V
## Unfair Competition

59.     Vita-Mix incorporates the allegations set forth above as if fully rewritten herein.

60.     By using in commerce trade dress that is confusingly similar to the Vita-Mix trade dress, Defendants have passed off its goods as those of Vita-Mix.

61.     Defendants' conduct has been intentional and undertaken for the purpose of deceiving consumers that the Ambiano blender is that of Vita-Mix.  Defendants have acted with full knowledge of the deceptiveness of their conduct and harm to Vita-Mix's business.

62.     Defendants' conduct constitutes unfair competition under the common law of the State of Ohio.

63.     Defendants' acts of unfair competition have damaged Vita-Mix and are causing Vita-Mix to suffer irreparable harm, for which it has no adequate remedy at law.

64.     Unless and until Defendants are enjoined, Defendants will continue to compete unfairly against Vita-Mix and cause irreparable harm to Vita-Mix.

## COUNT VI
## Common Law Dilution

65.　　Vita-Mix incorporates the allegations set forth above as if fully rewritten herein.

66.　　Vita-Mix is the owner of the trade dress design of its blender container and base, which is distinctive and famous in Ohio and nationwide.

67.　　Defendants' use of the trade dress for the Ambiano blender has caused, and will continue to cause, a diminution of the distinctiveness, effectiveness, and value of the Vitamix blender trade dress by blurring its product identification and damaging the positive associations with it.

68.　　Defendants' use of the trade dress for the Ambiano blender constitutes dilution under Ohio common law.

69.　　Defendants' common law dilution is knowing, intentional, and willful.

70.　　Defendants' dilution has damaged Vita-Mix and is causing Vita-Mix to suffer irreparable harm, for which it has no adequate remedy at law.

71.　　Unless Defendants are enjoined, Defendants will continue to dilute Vita-Mix's trade dress and cause irreparable harm to Vita-Mix.

## PRAYER FOR RELIEF

**WHEREFORE**, Vita-Mix demands judgment in its favor and against Defendants as follows:

A.　　Preliminary and permanent injunctive relief, including but not limited to an injunction prohibiting Defendants from using the trade dress for the Ambiano blender or any other blender, any trade dress confusingly similar to Vita-Mix's trade dress, or any other designation that infringes or dilutes Vita-Mix's trade dress in any manner;

21

B.     Defendants' profits for the sale of the Ambiano blender pursuant to 15 U.S.C. § 1117(a)(1);

C.     Three times the amount of Defendants' profits awarded pursuant to 15 U.S.C. § 1117(a)(1);

D.     Punitive damages;

E.     An award of costs and attorneys' fees incurred herein; and

F.     Any further relief that the Court may deem just and equitable.

Respectfully submitted,

/s/ Tracey L. Turnbull
James D. Curphey (0015832)
Elizabeth L. Moyo (0081051)
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street
Columbus, Ohio 43215-6194
(614) 227-2000
(614) 227-2100 (facsimile)
E-mail:  jcurphey@porterwright.com
              emoyo@porterwright.com

Tracey L. Turnbull (0066958)
PORTER WRIGHT MORRIS & ARTHUR LLP
950 Main Avenue, Suite 500
Cleveland, OH 44113
(216) 443-9000
(216) 443-9011 (facsimile
E-mail:  tturnbull@porterwright.com

*Counsel for Plaintiffs*

## DEMAND FOR JURY TRIAL

Vita-Mix requests a trial by jury on all issues triable to a jury.

/s/ Tracey L. Turnbull
James D. Curphey (0015832)
Elizabeth L. Moyo (0081051)
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street
Columbus, Ohio 43215-6194
(614) 227-2000
(614) 227-2100 (facsimile)
E-mail:  jcurphey@porterwright.com
        emoyo@porterwright.com

Tracey L. Turnbull (0066958)
PORTER WRIGHT MORRIS & ARTHUR LLP
950 Main Avenue, Suite 500
Cleveland, OH 44113
(216) 443-9000
(216) 443-9011 (facsimile
E-mail:  tturnbull@porterwright.com

*Counsel for Plaintiffs*